**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LEILANYS RIVERA RODRÍGUEZ, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 22-1151 (MEL) |
| WENDCO OF PUERTO RICO, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

## I.  INTRODUCTION

This is a diversity jurisdiction torts action brought by Plaintiff Leilanys Rivera Rodríguez ("Ms. Rodríguez") by herself and on behalf of her minor son, JJHR, and daughter, JSHR (collectively "Plaintiffs") seeking to recover damages suffered as a result of a motor vehicle accident on February 28, 2017, that took the life of Luis Hernández López ("Mr. Hernández López"), consensual partner of Ms. Rodríguez and father to the minor children. On March 31, 2022, Plaintiffs filed a complaint before this Court against: Wendco of Puerto Rico Inc. ("Wendco"), a corporation that manages, operates, and owns in Puerto Rico the restaurant chain known as Wendy's; Empacadora y Procesadora de Sur, Inc. ("Empro"), a business that Wendco purchases its meat and poultry products from; Multinational Insurance Company ("Multinational" or 'Defendant'), Empro's insurer; Fernando Torres-Torres ("Mr. Torres"), Jane Doe I, the Torres-Doe I Conjugal Partnership; Alexis Martínez-De Jesus ("Mr. Martínez -De Jesús"), Jane Doe II, and the Martinez-Doe II Conjugal Partnership. ECF No. 1 at 3-6.

On July 12, 2023, Plaintiffs filed an amended complaint regarding the same claims but identifying co-defendants John Erik Arroyo ("Mr. Arroyo"), Jane Doe III, the Arroyo-Doe III Conjugal Partnership, and MAPFRE PRAICO Insurance Company ("MAPRE"). ECF No. 49 at 5. In said complaint, Plaintiffs allege that Mr. Hernández López's death was the result of concurrent fault and/or negligence by Mr. Martínez -De Jesús, Mr. Torres, Mr. Arroyo, Wendco, Empro, and as such, they and their insurers Multinational and MAPRE are liable. *See generally* ECF No. 49.

On January 24, 2023, the Court issued a partial judgment dismissing Plaintiffs' claims against Empro without prejudice. ECF No. 33. On November 30, 2023, the Court issued a partial judgment dismissing Plaintiffs' claims against Mr. Martínez -De Jesús, the Martínez-Doe Conjugal Partnership, Mr. Torres, the Torres-Doe Conjugal Partnership, and all other generically named defendants without prejudice. ECF No. 78. Plaintiffs and Mr. Arroyo, the Arroyo-Doe III Conjugal Partnership, and MAPRE reached a settlement and the claims against them were dismissed with prejudice. ECF No. 96. Plaintiffs and Wendco also reached a settlement agreement, subject to a judicial authorization hearing. ECF No. 131. The party that remains is Multinational.

Pending before the Court is Defendant Multinational's ("Defendant" or "Multinational") motion for summary judgment. ECF No. 100. Plaintiffs opposed Multinational's motion for summary judgment on September 9, 2024. ECF No.124. For the reasons detailed below, Defendant's motion for summary judgment is GRANTED.

## II.    LEGAL STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 (1st Cir. 2011) (quoting *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp.*, 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan*, 904 F.2d at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process

entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood." *Greenburg v. P. R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## III.   MATERIAL FACTS NOT IN CONTROVERSY[1]

### A.  The Motor Vehicle Accident

On or around 5:45 AM on February 28, 2017, Mr. Hernández López was on the side road of Road No. PR-2, on or about kilometer marker 205.8 in Guayanilla, Puerto Rico, when he was hit by a Sterling Truck driven by Alexis Martínez de Jesús ("Mr. Martínez"). ECF No. 99 at 2, ¶¶ 6-7; ECF No. 124-1 at 2, ¶¶ 6-7. John Eric Arroyo ("Mr. Arroyo") was, at the time relevant to this action, the owner of the truck that Mr. Martínez was driving that day. ECF No. 99 at 2, ¶ 4; ECF No. 124-1 at 2, ¶ 4. At the time of the accident, Mr. Arroyo did not have the required license issued by the Puerto Rico Public Service Commission to offer transportation services of specialized freight, as it expired on February 18, 2016, and it was not renewed nor was its voluntary cancellation notified to the Puerto Rico Public Service Commission. ECF No. 124-2 at 12-13, ¶¶ 11(d), 13-14. The truck involved in the accident, owned by Mr. Arroyo, similarly was not registered at the Puerto Rico Public Service Commission. ECF No. 124-2 at 13, ¶ 15. Mr. Martínez, the driver of the truck, also did not have a duly issued operator's license nor a required medical certificate.

---

[1] Defendant's proposed facts at paragraphs 11 and 27 are deemed admitted despite Plaintiffs' objection because the qualification does not contradict the proposed fact. ECF No. 99 at 3, ¶ 11; at 6, ¶ 27; ECF No. 124-1 at 2, ¶ 11; at 4-5, ¶ 27. The following proposed facts are deemed admitted despite Plaintiffs' denial because the citation does not contradict the proposed fact: 12, 14, 16, and 22. Defendant's proposed facts at paragraphs 3 and 19 are not supported by a citation to the record and are disregarded. ECF No. 99 at 1, ¶ 3; ECF 124-1 at 2, ¶ 3; ECF No. 99 at 5, ¶ 19; 124-1 at 3-4, ¶ 19. In light of Multinational's lack of response to Plaintiffs' statement of additional proposed facts, the following proposed facts, which are properly supported by the cited evidence, are deemed admitted: 11(d), 12(i), 13-15, 30-42. ECF No. 124-2.

ECF No. 124-2 at 10, ¶ 12(i). Mr. Hernández López was transported to Pavía Hospital in Yauco, Puerto Rico, where he was pronounced dead at approximately 7:55 am. ECF No. 99 at 3, ¶ 8; ECF No. 124-1 at 2, ¶ 8. Mr. Hernández López was in a relationship with Ms. Rodríguez, whom he had two minor children with, JJHR and JSHR. ECF No. 99 at 2, ¶ 5; ECF No. 124-1 at 2, ¶ 5.

### B. Empro and Multinational

Empro is a for profit corporation in the business of processing and packing meat and poultry products located in Coamo, Puerto Rico. ECF No. 99 at 1, ¶ 1; ECF No. 124-1 at 2, ¶ 1. Empro hired Mr. Arroyo to carry its products. No. 67 at 3, ¶¶ 4.3-4.4.[2] *Id*. Multinational is an insurance company organized under the laws of the Commonwealth of Puerto Rico. ECF No. 99 at 6, ¶ 26; ECF No. 124-1 at 4, ¶ 26. Multinational insured Empro under a liability policy, which was in effect at the time of the incident. *Id*. Multinational's insurance liability policy, Policy No. 88-CA-000302259-1 ("Insurance Policy"), states that Multinational "will pay the following damages for "property damages" for which the insured, Empro, becomes legally responsible because of a "traffic accident" resulting from the use of a "covered auto."[3] ECF No. 99 at 6, ¶ 27; ECF No. 124-1 at 4-5, ¶ 27; ECF No. 99-9 at 4. Moreover, the insurance policy states that "[b]ankruptcy or

---

[2] The fact that Empro hired Mr. Arroyo to carry its products is taken from Plaintiffs First Amended Complaint and Defendant Multinational's answer. ECF No. 49; ECF No. 67. Defendant drafts a similar fact, however, they do not have any citation to the record. ECF No. 99 at 2, ¶ 3 ("Empro does not deliver to its customers, rather it uses independent truck drivers to deliver the merchandize to its customers. Among these drivers was Mr. John Eric Arroyo."). Plaintiffs similarly contend that Mr. Arroyo was hired by Empro to "carry its loads through Puerto Rico's public roads;" however, their citation to the Certificate of Authorization by the Public Service and Regulatory Board Transportation and Other Public Services Bureau does not support this fact, but rather, it supports the fact that        Mr. Arroyo owned the truck and said truck was not registered. ECF No. 124-2 at 4, ¶¶ 14-15

[3] "Your covered auto" is defined in the Insurance Policy as: "[y]our motor vehicle shown in the Declarations and classified as a "private passenger vehicle" or as a "commercial vehicle," or as "[a]ny trailer attached to the motor vehicle shown in the Declarations, if registered in the Puerto Rico Department of Transportation and Public Works as having a loading capacity of two (2) tons or under," or as "[y]our 'trailer' shown in the Declarations, if registered in the Puerto Rico Department of Transportation and Public Works as having a loading capacity of over two (2) tons." ECF No. 99-9 at 1-2, ¶ I.

insolvency of the "insured" shall not relieve [Multinational] of any obligations under this Policy."[4] ECF No. 124-2 at 19, ¶¶ 41-42.

### C.  The State Court Case

On January 30, 2020, Plaintiffs filed a complaint in the Court of First Instance of Puerto Rico, Guayama Part (hereafter "state court").[5] ECF No. 99 at 4, ¶13; ECF No. 124-1 at 3, ¶13. On February 7, 2020, Plaintiffs moved the state court to issue an order for the Puerto Rico Police Department ("PRPD") to produce the photographs it took of the accident. ECF No. 99 at 4, ¶15; ECF No. 124-1 at 3, ¶15. This motion was granted by the state court on March 10, 2020. *Id.* While the court order was notified to Plaintiffs on March 11, 2020, Plaintiffs did not serve the order onto the PRPD until a year after, on March 29, 2021. ECF No. 99 at 4, ¶16; ECF No. 124-1 at 3, ¶16.

Due to the global Coronavirus pandemic ("COVID-19"), Puerto Rico enacted a lockdown on March 15, 2020, with several measures extending the lockdown into different stages throughout the year, leaving government agencies and private businesses in Puerto Rico not fully staffed for a period of time. ECF No. 124-2 at 17, ¶¶ 30-32, 34; ECF No. 124-3. Mr. José Flores Báez ("Mr. Flores"), a legal assistant working for Plaintiffs' attorney, was in charge of obtaining the photographs from the PRPD. ECF No. 124-2 at 17, ¶ 33; ECF No. 124-3. Mr. Flores contacted the PRPD station in Ponce and was advised to send the order via fax, which he did on October 29, 2020. ECF No. 124-2 at 18, ¶¶ 35-36; ECF No. 124-3. Mr. Flores called PRPD several times afterwards to inquire into the status of the request, but it was not until March of 2021 that he

---

[4] This language is included in both Sections IV – General Provisions and at item G. of the COMPULSORY LIABILITY INSURANCE POLICY – PUERTO RICO, and in The Business Auto Coverage Form, SECTION IV — BUSINESS AUTO CONDITIONS, B. General Conditions, contained in the policy issued by Multinational to Empro contains the same language. ECF No. 124-6 at 5, § IV, ¶ G; ECF No. 124-7 at 9, § IV, ¶ B(1).
[5] *Leilanys M. Rivera Rodríguez v. Wendco of Puerto Rico, Inc.*, Civil No. GY2020CV00009. This case was voluntarily dismissed without prejudice on July 16, 2021. ECF No. 99 at 5, ¶ 18; ECF No. 124-1 at 3, ¶ 18. On March 31, 2022, Plaintiffs filed a complaint in this Court. ECF No. 1.

reached PRPD personnel, who informed him to write a letter requesting the photographs. ECF No. 124-2 at 18, ¶¶ 37-38; ECF No. 124-3. Mr. Flores wrote a letter requesting the photographs on March 25, 2021, and sent said letter along with the order to the Interim Director of the Document Management Office of Puerto Rico Police Headquarters. ECF No. 124-2 at 18, ¶ 39; ECF No. 124-3. On April 6, 2021, PRPD produced the pictures taken on the site of the accident to Plaintiffs. ECF No. 99 at 4, ¶17; ECF No. 124-1 at 3, ¶17; ECF No. 124-2 at 18-19, ¶ 40.

### D. Empro's Bankruptcy Case

On February 15, 2022, Empro sought protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq*,. in the case of *In re: Empacadora y Procesadora del Sur, Inc.*, Case No. 22-00354 (MAG) at the United States Bankruptcy Court for the District of Puerto Rico. ECF No. 99 at 5, ¶ 20; ECF No. 124-1 at 4, ¶ 20. Plaintiffs appeared in Empro's bankruptcy case and, on July 5, 2022, filed a proof of claim ("Claim No.18") against Empro for an unsecured amount of $9,400,000.00. ECF No. 99 at 5, ¶ 21; ECF No. 124-1 at 4, ¶ 21; ECF No. 99-6. On September 28, 2022, Empro filed the *Objection to Proof of Claim Number 18* filed by Ms. Rodríguez and her children ("Objection to Claim"). ECF No. 99 at 5, ¶ 22; ECF No. 124-1 at 4, ¶ 22. In this objection, Empro moved the Bankruptcy Court to disallow Claim No. 18, among other reasons, because:

> Debtor is not responsible for the damages alleged by Claimant in the complaint insofar as the same arises out of an auto accident allegedly caused by a third party and not by Debtor and/or one of its employees. Moreover, upon information and belief, the aforementioned complaint was the third complaint filed by Claimant regarding the same accident, after voluntarily dismissing her previous two complaints, which constitute a dismissal with prejudice and as such Claimant is legally barred from filing said third complaint.

*Id*. The Objection to Claim was served onto Plaintiffs on September 28, 2022. ECF No. 99 at 6, ¶ 23; ECF No. 124-1 at 4, ¶ 23. Plaintiffs did not reply to the Objection to Claim, and on November 3, 2022, the Bankruptcy Court "granted" Empro's Objection to Claim:

7

> Debtor's objection to claim #18 filed by Leilanys Rivera Rodr[i]guez (docket entry
> #121), having been duly notified to all parties in interest, and no replies or
> objections having been filed timely, it is now ORDERED that said motion be and
> it is hereby granted.

ECF No. 99 at 6, ¶ 24; ECF No. 124-1 at 4, ¶ 24; ECF No. 99-8. Plaintiffs did not move the

Bankruptcy Court for reconsideration, nor did they appeal the order "granting" Empro's Objection

to Claim. ECF No. 99 at 6, ¶ 25; ECF No. 124-1 at 4, ¶ 25.

## IV.  ANALYSIS

In this case, Plaintiffs allege that Empro, Multinational's insured, is vicariously liable for

the negligence of Mr. Arroyo. Multinational argues they are not liable for three reasons. First, they

argue that Plaintiffs' claim is precluded under the doctrine of *res judicata*. Next, Multinational

argues that its insured, Empro, is not liable for the injuries caused by its independent contractor.

Lastly, Multinational argues Plaintiffs' claims are time-barred. ECF No. 100. The Court addresses

each argument in turn.

### A. Claim Preclusion

In their motion for summary judgment, Defendant Multinational argues that all

requirements of the *res judicata* doctrines have been met because Plaintiffs already presented the

same claim on July 5, 2022, in a proceeding before the U.S. Bankruptcy Court – *In re: Empacadora*

*y Procesadora del Sur, Inc.*, Case No. 22-bk-00354 (MAG), the claim was already decided when

the Bankruptcy Court disallowed Plaintiffs' claim on November 3, 2022, and the claim was

terminated without appeal. ECF No. 100 at 7-9; ECF No. 99 at 5-7. Plaintiffs opposed Defendant's

arguments, stating that the *res judicata* doctrine is inapplicable under these facts because Puerto

Rico is a direct-action jurisdiction which allows Plaintiffs to claim directly from the insurance

company without the need to claim from the insured. ECF No. 124 at 4. Moreover, Plaintiffs argue

that Multinational's liability insurance policy specifically states that "Bankruptcy or insolvency of the 'insured' shall not relieve [Multinational] of any obligations under this policy." *Id*. at 5.

Defendant submits that, with respect to Empro, the applicable form of *res judicata* is claim preclusion. ECF No. 100 at 5-6. The particular claim that Multinational argues is entitled to preclusive effect was made before a federal bankruptcy court; therefore, federal common law controls the question of claim preclusion in this case. *Nuñez–Nuñez v. Sanchez–Ramos,* 419 F.Supp.2d 101, 111 (D.P.R. 2006) (citing *In re El San Juan Hotel Corp.,* 841 F.2d 6, 9 (1st Cir. 1988)); *see also Faigin v. Kelly,* 184 F.3d 67, 78 (1st Cir.1999) (when a party implores a federal court to give preclusive effect to a prior federal court adjudication, federal law governs).

*Res judicata* encompasses both issue preclusion and claim preclusion. *Negron-Fuentes v. UPS Supply Chain Sols.*, 532 F.3d 1, fn. 2 (1st Cir. 2008). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether relitigation of the claim raises the same issues as the earlier suit." *Rivera v. P.R. Elec. Power Auth.*, 4 F. Supp. 3d 342, 349-350 (D.P.R. 2014) (internal citations omitted). "The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts LLC v. Mollicam, Inc.*, 287 F. 3d 316, 318 (1st Cir. 2002); *see also Bankruptcy Recovery Network v. García (In re: García)*, 313 B.R. 307, 310 (BAP 1st Cir. 2004) ("Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from *relitigating all issues connected with the action that were or could have been raised in that action*.") (emphasis in original). Thus, the party asserting claim preclusion must make a three-part showing: (1) the earlier suit resulted in a final judgment on the merits; (2) the causes of action asserted in the earlier and later suits are sufficiently

identical or related; and (3) the parties in the two suits are sufficiently identical or closely related. *Airframe Sys. v. Raytheon Co.*, 601 F. 3d 9, 14 (1st Cir. 2010).

### 1. Final Judgment on the Merits

The first element of claim preclusion is whether a final judgment was entered on the merits in the earlier proceeding. In this instance, the issue is whether a bankruptcy court's order is a final judgment on the merits for purposes of claim preclusion. Empro, Multinational's insured, filed for voluntary bankruptcy relief under Chapter 11 of the Bankruptcy Code on February 15, 2022. ECF 99-5. Plaintiffs appeared in Empro's bankruptcy case and filed Proof of Claim No. 18, on July 5, 2022. ECF No. 99-6. On September 28, 2022, Empro filed their Objection to Claim. ECF No. 105-1. Empro's Objection to Claim was served onto Plaintiffs, and taking into account that no "replies or objections having been filed timely" by Plaintiffs, the Bankruptcy Court granted Empro's Objection to Claim, disallowing the claim. ECF 99-8.

A proof of claim is deemed valid and is allowed unless objected to by an interested party. 11 U.S.C. § 502(a). Section 502(b) provides that if such an objection is made, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount." 11 U.S.C. § 502(b). "Disallowance of a claim negates its validity and existence[.] A claim should be rejected and disallowed [ ] when it has no basis in fact or law, is non-existent or illegal." *Diasonics, Inc. v. Ingalls,* 121 B.R. 626, 630 (Bankr.N.D.Fla.1990) (citation omitted). However, courts within this circuit have held that for *res judicata* purposes, "a default judgment is a final judgment as to the claims raised by the prevailing party." *See In re Stanley-Snow*, 405 B.R. 11, 19 (1st. Cir. BAP Mass. 2009) ("most federal courts of appeal have recognized an exception to the general rule that collateral estoppel does not apply to a default judgment," where the party chooses not to defend in

a prior action); *see also New England Ins. Co. v. Sylvia,* 783 F.Supp. 6, 9 (D.N.H.1991); *Maslar v.*

*Martin (In re Martin),* 468 B.R. 479, 483 n. 8 (Bankr.D.Mass. April 12, 2012). The Bankruptcy

Appellate Panel has previously ruled that a bankruptcy court's order on an objection to a claim is

a final order for purposes of appeal. *Neal Mitchell Assoc. v. Braunstein (In re Lambeth),* 227 B.R.

1, 6 (1st Cir. BAP 1998). Other appellate courts have reached the same conclusion. *See Siegel v.*

*Fed. Home Loan Mortg. Corp.,* 143 F.3d 525, 529 (9th Cir. 1998) ("the allowance or disallowance

of a claim in bankruptcy is binding and conclusive on all parties or their privies, and ... furnishes a

basis for a plea of res judicata") (internal quotations and citation omitted). As stated by the United

States Court of Appeals for the Ninth Circuit, "the allowance or disallowance of a claim in

bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent

suit against the bankrupt or any one in privity with him." *Id.* (internal quotations and citation

omitted).

  Here, Empro objected to Plaintiffs' Claim No. 18 both on the merits and on procedural

grounds, asserting that Empro was not legally responsible for the death of Mr. Hernández-López:

> Debtor is not responsible for the damages alleged by Claimant in the complaint
> insofar as the same arises out of an auto accident allegedly caused by a third party
> and not by Debtor and/or one of its employees. Moreover, upon information and
> belief, the aforementioned complaint was the third complaint filed by Claimant
> regarding the same accident, after voluntarily dismissing her previous two
> complaints, which constitute a dismissal with prejudice and as such Claimant is
> legally barred from filing said third complaint
>
> …
>
> As noted in the Claim, this claim is not supported with any document, evidence,
> judgment, etc., that validate the same as mandated by FRBP 3001(c)…

*Id.* at 2, ¶¶ 10,11. In the prayer for relief, Empro asked the Bankruptcy Court to enter an Order

granting the instant objection to Plaintiffs' claim and "[t]otally disallowing Proof of Claim No.

18." ECF No. 105-1 at 3. The Bankruptcy Court's order granting the Objection's request to disallow Claim No. 18 was a final order. *See e.g.*, *Neal Mitchell Assoc. v. Braunstein (In re Lambeth),* 227 B.R. 1, 6 (1st Cir. BAP 1998). Plaintiffs were notified of Empro's Objection to Claim No. 18. ECF No. 99-8. "A creditor [plaintiff] who disregards a procedurally proper and plain notice that its interests are in jeopardy does so at its own risk." *Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. BAP 2001). While Plaintiffs did not reply to Empro's objection, claim preclusion bars the re-litigation of "any issue that was, or *might have been*, raised in respect to the subject matter of the prior litigation." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994) (citation omitted) (emphasis in original). Plaintiffs did not move the Bankruptcy Court for reconsideration, nor did they appeal the order granting Empro's objection to Claim No. 18. *See e.g., F.D.I.C v. Shearson–American Exp., Inc.,* 996 F.2d 493, 498 (1st Cir. 1993) ("Orders, judgments and decrees of the bankruptcy court from which an appeal is not timely taken are final ... even if erroneous"). Therefore, the first element of claim preclusion is met as the Bankruptcy Court's Order constitutes a final judgment on the merits for purposes of this analysis.

### 2.  Sufficiently Identical or Related Causes of Action

With regards to the second element in this tripartite test, federal courts have found the necessary identity to exist if both sets of claims – those asserted in the earlier action and those asserted in the subsequent action – derive from a common nucleus of operative facts. *Mass. Sch. Of Law at Andover v. Am. Bar. Ass'n.*, 142 F. 3d 26, 38 (1st Cir. 1998); *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F. 2d 3, 7 (1st Cir. 1992).

The identicality of the claims asserted in the bankruptcy proceedings and those set forth in the instant action are sufficiently based in the same common nucleus of operative facts to pass muster on this element. First, the Plaintiffs are the same, namely Ms. Rodríguez and her children,

JJHR and JSHR. *Compare* ECF Nos. 49 at 1; ECF No. 99-6 at 1. Second, the claims are seeking the same amount in total damages, $9,400,000.00 respectively. *Compare* ECF Nos. 49 at 28; ECF No. 99-6 at 2. Third, the basis of the claim is the same, i.e., personal injury/wrongful death. *Compare* ECF Nos. 49; ECF No. 99-6 at 2. Empro's objection to Plaintiffs' Claim No. 18 specifically states that the claim is "related to Civil Case No. 22-1151(FAB), which was filed on March 31, 2022." ECF No. 105-1 at 2, ¶ 9. If Plaintiffs intended to bring a different claim before the Bankruptcy Court, they could have replied to the Objection and alerted the Bankruptcy Court that they were filing a proof of claim with respect to a different claim. However, Plaintiffs did no such thing. The only requirement to satisfy this element is sufficient commonality between the operative facts of each claim, which the Court finds to be present. Thus, this element is satisfied.

### 3. Identity of the Parties

The last element in determining the applicability of *res judicata* is whether there is sufficient identicality between the parties. "Claim preclusion does not merely bar a plaintiff from suing the same defendant for the same claims in a different action; under certain circumstances, a defendant not a party to an original action may also use claim preclusion to defeat a later suit." *Airframe Sys. v. Raytheon Co.*, 601 F. 3d 9, 17 (1st Cir. 2010). The most common example is parties in privity; however, the Court of Appeals for the First Circuit has long established that privity "is sufficient but not a necessary condition for a new defendant to invoke a claim preclusion defense." *Id*. "[C]laim preclusion applies if the new defendant is closely related to a defendant from the original action who was not named in the previous lawsuit, not merely when the two defendants are in privity." *Id*; *see also Silvia v. City of New Bedford*, 660 F.3d 76 (1st Cir. 2011). Thus, the issue before the Court now is whether Multinational is sufficiently in privity with Empro so as to constitute the same party for claim preclusion purposes.

Privity may be found to exist where "one party acts for or stands in the place of another in relation to a particular subject matter." *R.G. Financial Corp. v. Vergara–Nuñez,* 446 F.3d 178, 187 (1st Cir. 2006). Black's Law Dictionary defines "privity" as follows: "The connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property); mutuality of interest." Black's Law Dictionary (8th ed. 2004). In other words, "[t]he term privity is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include the other within res judicata." *Vargas-Colón v. Fundación Damas, Inc.*, 157 F. Supp. 3d 106, n. 7 (D.P.R. 2016).

Defendant insured a debtor to the bankruptcy case, Empro; therefore, they claim privity exists through the insurance contract delineated in the Insurance Policy. ECF No. 1 at 24, ¶ 5.7.3; ECF No. 14 at 2, ¶ 8. The First Circuit has explained that the direct-action statute "provides a plaintiff with a substantive claim against an insurer separate and distinct from any claim which the plaintiff may have against the insured." *De León-López v. Corporación Insular de Seguros*, 931 F.2d 116, 122 (1st Cir. 1991). Article 20.030(1) of the Insurance Code of Puerto Rico, reads, in relevant part:

> Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The direct action against the insurer may only be exercised in Puerto Rico. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.

P.R. Laws Ann. T. 26 § 2003(1). In other words, a party claiming damages for the culpable or negligent acts or omissions of an insured may direct her cause of action in one of the following

ways: (1) against the insured, (2) against the insurer, or (3) against both jointly. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 289 (1998).

Plaintiffs argue that Puerto Rico's direct-action statute, together with language from the Insurance Policy stating that "Bankruptcy or insolvency of the 'insured' shall not relieve [Multinational] of any obligations under this policy," precludes *res judicata*. ECF No. 124 at 5, ⁋8; ECF No. 124-6 at 5, § IV, ¶ G; ECF No. 124-7 at 9, § IV, ¶ B(1). However, Plaintiffs' argument misses the mark. The question in this case is whether, under the direct-action statute, an action may be maintained irrespective of the release of the insured in bankruptcy from the underlying claim. The court in *Gold v. Nat'l Union Fire Ins. Co.*, 2014 WL 12887524, at *5 (D.P.R. Mar. 31, 2014) analyzed the question of whether an insurer could be found liable when the insured is not. The *Gold* court relied on *Ruiz-Rodríguez v. Litton Indus. Leasing Corp.*, 574 F.2d 44, 45 (1st Cir. 1978), where the court found that regardless of the direct-action statute, there could be no recovery from an "employer's liability insurer when [a plaintiff] lack[s] any right of action against the employer. Where the employer is not liable, there has been no 'loss covered by the policy,' such as would allow recovery under its terms." (quoting P.R. Laws Ann. tit. 26, § 2001). While *Ruiz-Rodríguez* does not involve the effect of the Bankruptcy Code on the direct-action statute, the *Gold* court found that the preclusive effect of Puerto Rico's Workmen's Compensation Act was "in all pertinent respects the same" in the bankruptcy context. *Gold*, 2014 WL 12887524, at *6 (concluding that there can be "no loss under the insurance contract … when the [insured] parties are not financially liable for an amount, or when there is no legal recourse against them.").

Here, just as in *Gold*, Multinational undertook to insure Empro for their civil losses, as defined in the Insurance Policy. Due to the effect of the disallowance of Plaintiffs' claim against Empro in Bankruptcy Court, Empro has not suffered and will not suffer any loss, and thus,

Defendant's contractual undertakings have not been and will not be triggered with respect to this incident. Nothing in the direct-action statute says otherwise. Plaintiffs' other arguments also do not support their position. Plaintiffs point to Puerto Rico Civil Code 31 L.P.R.A. §§ 3471 and relevant caselaw regarding contract interpretation to support their argument that Multinational's obligations under the Insurance Policy continue even after Empro's bankruptcy. ECF No. 124 at 6-7. However, the Insurance Policy's contractual provisions do not exempt Plaintiffs, once they have filed a proof of claim, from having to properly reply to an objection to said claim. In other words, Plaintiffs' claims are precluded not on the fact that Empro filed for bankruptcy, but because Plaintiffs' claim was disallowed. Thus, based on the language of both the Insurance Policy and Puerto Rico's direct-action statute, Empro and Multinational are in privity or closely related enough to satisfy this third and final element. As all three requirements of *res judicata* are met, Plaintiffs' claims against Multinational are precluded.

### B. Vicarious Liability

Next, Defendant argues that its insured, Empro, is not liable for the negligence of its independent contractor under Puerto Rico law. ECF No. 100 at 11. Defendant relies on *Pons Ancra v. Engebretson*, 160 DPR 347 (2003), to support its argument that a principal who engages a contractor is not liable for the injuries caused to third parties, nor for the contractor's non-compliance with the routine precautions that the contractor must take.[6] ECF No. 100 at 22 (citing *Engebretson*, 160 DPR at 357). Specifically, Defendant argues that the principal's liability revolves around special or peculiar risks of the task for which the contractor was engaged and thus may only be held liable when the task assigned to the independent contractor entails special risks, peculiar

---

[6] *See Carr et al v. Autoridad de los Puertos et al*, 3:10-cv-01170-SEC, ECF No. 104-1 for a certified translation of this case.

to the work to be performed and that arise from the nature or the place where the job is performed, against which a reasonable man would recognize the need to take additional precautions. *Id*.

In order for the Court to address this argument, basic details about the relationship between Empro and Mr. Arroyo are needed. However, Multinational proposes no facts to this effect. Multinational posits that "Empro does not deliver to its customers, rather it uses independent truck drivers to deliver the merchandise to its customers. Among these drivers was Mr. John Eric Arroyo."[7] ECF No. 99 at 2, ¶ 3. However, Multinational does not cite to any evidence to support this proposed fact.[8] Moreover, Plaintiffs did not propose in their complaint, nor did Defendant Multinational admit in any answer, that an independent contractor relationship existed. It is not enough to admit that Empro hired Arroyo to do the delivery. ECF No. 67 at 3, ¶¶ 4.3-4.4. Therefore, the Court is not in a position to enter summary judgment on this basis.

### C.  Time-Barred

Lastly, Defendant argues that Plaintiffs' claim is time barred. Puerto Rico's Civil Code provides that actions for torts, such as wrongful death, carry a one-year statute of limitations from the moment the aggrieved person has knowledge or notice of the injury and notice of the person who is responsible for it. 31 P.R. Laws Ann., § 5298; *see also Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009). The Court of Appeals for the First Circuit has held that, "[t]he key inquiry under this prong of the knowledge requirement is whether plaintiff knew or with the degree of diligence required by law would have known whom to sue." *Kaiser v. Armstrong World*

---

[7] This fact was denied by Plaintiffs; however, Plaintiffs similarly do not cite to the record to support their denial. ECF 124-1 at 2, ¶3.

[8] Facts that go to the relationship between Empro and Mr. Arroyo were proposed in Wendco's motion for summary judgment. ECF No. 97-1. However, Multinational cannot rely on the statement of uncontested facts of another defendant in another motion for summary judgment; instead, Multinational must cite to admissible evidence in support of the facts it intends to rely on to support its motion for summary judgment.

*Indus.*, Inc., 872 F.2d 512, 516 (1st Cir. 1989) (citations and internal quotes omitted). If a plaintiff's lack of awareness is due to her own negligence or carelessness, then the period will begin to run from the date the alleged tort occurred. *Montañez v. Hospital Metropolitano*, 157 D.P.R. 96, 106 (2002). "Similarly, where a plaintiff is aware of a potentially tortious injury but makes no effort to ascertain its source, she is not excused in delaying a potential claim. *Meléndez Colón v. Rosado Sánchez*, 995 F.3d 262, 267 (1st Cir. 2021) at 267 (internal citations omitted).

According to the Plaintiffs, Empro was not named as a party in the state court case because they did not know Empro's identity at the time the complaint was filed. ECF No. 99 at 4, ¶14; ECF No. 124 at 26, ¶ 59; ECF No. 124-2 at 4, ¶14. Defendant, however, argues that Plaintiffs had constructive knowledge that Empro and Multinational were potentially liable for their injury as early as March 10, 2020, but that they did not file their claim until more than one year after gaining said knowledge, on March 31, 2022. ECF No. 100 at 16-17. Specifically, Defendant argues that Plaintiffs received a court order on March 11, 2020, for PRPD to produce photographs it took of the accident, allowing Plaintiff to identify Empro, but did not serve said court order onto PRPD until a year after, on March 29, 2021. ECF No. 100 at 17. Defendant concludes that Plaintiffs were not diligent under the law and thus, the claim is time barred as a result. ECF No. 100 at 17. Plaintiffs contend that they acted diligently to serve the order on PRPD but could not do so until April 6, 2021, because of the impact of COVID-19 restrictions in Puerto Rico. ECF No. 124 at 27-28. To show the diligence, Plaintiffs provide an affidavit from Plaintiffs' attorney's legal assistant detailing the efforts taken. ECF No. 124-3.

Defendant did not file a reply to Plaintiffs' motion in opposition to summary judgment or provide any evidence to show that Plaintiffs' efforts to serve PRPD were not duly diligent under the law. For example, Defendant's motion for summary judgment does not provide the Court with

specific information about Puerto Rico's COVID lockdown orders and their impact on PRPD and its ability to receive subpoenas or civil service during COVID. While what constitutes the accrual of a cause of action is a question of law, when accrual actually occurred is a question of fact to be determined by the finder of fact, an inquiry that is "highly fact-bound and requires an evaluation of all of the plaintiff's circumstances." *Duke v. Cmty. Health Connections Inc.*, 355 F.Supp.3d 49, 56 (D. Mass. 2019) (citing *Patteson v. AstraZeneca, LP*, 876 F.Supp.2d 27, 39 (D.D.C. 2012). "Otherwise put, '[u]nless the evidence regarding the commencement of the running of the statute of limitations is so clear that the court can rule on the issue as a matter of law, the jury should decide the issue on appropriate instructions.'" *Id*. Thus, without evidence to show when it was reasonably feasible to serve subpoenas on PRPD, i.e., when PRPD began accepting civil service again after COVID-19, Defendant has not put the Court in a position to rule on whether Plaintiffs' efforts were diligent under the law. For these reasons, the Court cannot rule in favor of Defendant on this argument.

## V.    CONCLUSION

Plaintiffs' claim against Multinational is precluded under the doctrine of *res judicata*. Therefore, for the foregoing reasons, Defendant's motion for summary judgment (ECF No. 100) is GRANTED. Hence, Plaintiffs' claims against Multinational are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of November, 2024.

s/Marcos E. López
U.S. Magistrate Judge

19